1806.

SMITH
v.
TINKER.

" effects" must be attached ;—but is the attachment of property of the value of ten dollars, or of a debt to that amount, an " attachment of the estate and effects ?" Ought a general distribution of a debtor's estate to take place on the happening of such an event ?

BY THE COURT, GRISWOLD, *Asst.* dissenting,

The judgment was affirmed.

## Salmon *v.* Pixlee.

In the Court below,

DAVID PIXLEE, *Plaintiff;* DANIEL SALMON, *Defendant.*

Accord and satisfaction may be pleaded in bar of a writ of error.

THIS was an action on the case, for false and fraudulent representations, in the sale of Virginia land, with regard to its quality and situation, and the validity of the deed, under the laws of Virginia, by which the defendant made a pretended conveyance of the land to the plaintiff.

On the general issue, a verdict was found for the plaintiff, and judgment rendered accordingly.

The error assigned, before this Court, was the insufficiency of the declaration.

*Pixlee* pleaded in bar of the writ of error, that before the impetration thereof, it was accorded and agreed, by parol, by and between *Salmon* and himself, that he should deliver to *Salmon* the deed mentioned in the declaration, in full satisfaction of all claims, which *Salmon* then had, or might have, against him, either in law or equity, on account of the judgment of the Superior Court in this case, and of any supposed errors therein ; which deed he accordingly redelivered, and *Salmon* accepted.

To this plea there was a special demurrer.

*Daggett,* in support of the demurrer.

1. The accord, as pleaded, is altogether insufficient. The doctrine of our books is, that the thing given, and received, to bar on action, must appear to be of value ;—the agreement must be reasonable. To this purpose see 1 *Com. Dig.* 132, *Cumber* v. *Wane,* (a) *Preston* v. *Christmas,* (b) and 1 *Bac. Abr.* 41 *et seq. Guil. ed.* Compare this plea with these rules.

The defendant delivered to the plaintiff a deed of certain lands in Virginia, which had been before given by the plaintiff to the defendant.—This deed, the defendant, who pleads this accord, declares to have been worthless ; for that it conveyed *no title to any land,* and that the land pretended to be conveyed was of no value. It does not appear, that the deed contained any covenants or stipulations prejudicial to the grantor, or beneficial to the grantee.—It could, therefore, be no object with the plaintiff to regain this deed. The thing, then, given and received was worthless ; and therefore it could be no satisfaction.

2. No plea of accord can avail against a writ of error. The statute of limitation,—*nul tiel record,*—nothing erroneous,—and a release of errors, are the pleas known to the law in these actions, or suits, brought to reverse judgments. It is true, that if a person has failed to recover in a suit for the trial of the title to land, and afterwards parts with all his right to the land, *that* may be pleaded in bar of the writ of error ; for he no longer has an interest in the thing in question.

These are the rules relating to pleading in writs of error, as declared by all the elementary writers on this subject. *Bacon, Comyns,* and *Viner* treat pointedly of the pleadings in writs of error. Neither of these, nor any reporter,

(a) 1 *Stra.* 426.          (b) 2 *Wils.* 86.

nor any other law writer, has *thought* of this plea of accord to a writ of error.

If it be said, that there is reason for the support of such a plea, I have only to reply, that the court cannot make law. To say, that accord is a good plea, in this case, is to make law for the case; for there is no authority or precedent for it.

*Backus*, (of Stratford,) contra.

The accord with satisfaction pleaded is sufficient. Courts in this state do not limit the plea of accord with satisfaction, as in England. Here, a parol accord executed, is a good plea, to bar an action founded on written contract. (*c*)

It is unnecessary, in this case, to determine whether, in all cases, accord with satisfaction is a good bar to a writ of error. It is enough for the defendant, that this particular accord with satisfaction, as pleaded, is sufficient. It is such an one as necessarily operates as a release.

Any act of the plaintiff, by which the defendant is exonerated from all demands, on account of the erroneous judgment, is a good bar to a writ of error. (*d*)

It is not for the plaintiff to allege, that the deed received in satisfaction is of no value. If as worthless as can be imagined, it is that for which he obtained of the defendant a large sum of money. This appears on the record; and by it the plaintiff is estopped form alleging it worthless. It is with a very ill grace, that he appears in this Court contending, that the law is, and ought to be such, as to enable him to keep possession of, or regain a sum of money, which he fraudulently obtained of the defendant, for a thing of no value, totally worthless. By this Court, the deed must, and will, it is believed, be considered worth to the plaintiff the sum for which he made and delivered it to the defendant.

(*c*) 2 *Swift's Syst.* 6, 7     (*d*) *Ibid.* 278.

The plaintiff can derive no possible benefit from a reversal. For, should he succeed, to an action for the money the defendant received on the original judgment, this accord and satisfaction would be a good bar. Otherwise, while the plaintiff may be prosecuting such action against the defendant, he may be pursuing an action to recover the money, paid for the deed now redelivered to the plaintiff. The consideration for which the defendant originally paid it, having thus failed, *ex æquo et bono*, it ought to be refunded. Why not, then, permit him to retain it? The true principles of law never require a circuitous, where a direct mode of doing justice is so obvious, as the one now presented.

Though no case is to be found in the books, in which accord with satisfaction has been pleaded to a writ of error; yet there are cases, which go the full length of the *principle*, for which the defendant contends. It is agreed, by the learned counsel for the plaintiff, that a release is a good plea to a writ of error. That release need not always be made directly to the defendant. The plaintiff may release all his right, in the thing questioned, to a stranger. He may enfeof a stranger of the land in dispute; and thereby be precluded from pursuing his writ of error. But why do those acts preclude him from his writ of error? Because he can derive no possible benefit from a reversal. (*e*)

It is admitted, that this Court cannot legislate; but it is the peculiar province of this Court to give construction to existing laws. Such construction can never be truly given by adhering to the letter, regardless of the spirit; and there is nothing contained in any of the cases in the books, which impugns the principle, that accord with satisfaction is a good bar to a writ of error.

By THE COURT, C. GOODRICH, E. GOODRICH, GRISWOLD, and HOSMER, *Assts*. dissenting,

The plea was adjudged sufficient.

(*e*) 2 *Bac. Abr.* 497, 8. *Guil. ed.*

1806.

SALMON
*v.*
PIXLEE.