The action was continued to this term, when the opinion of the Court was delivered by
Parsons, C. J.
This is a writ of error brought to correct the errors of a judgment recovered by Bela Grout, as executor of the last will of Elizabeth Grout, deceased, on a bond given to her by the defendant in error. The writ states that since the judgment the said Bela has died, and that the plaintiff in error is administrator de bonis non with the will annexed of the said Elizabeth. And we are called upon to decide whether, from these allegations, the plaintiff has, or has not, entitled himself to this writ of error. And we are of opinion that he has no title to sue this writ, because there is in law no privity between the executor and the administrator de *537 bonis non cum testamento annexa; and a judgment recovered by the executor cannot be executed by the succeeding administratoi.
If the judgment has been satisfied, then the debt, for which it was rendered, has been administered ; and if the judgment has not been satisfied, then it has become ineffectual, and the administrator de bonis non, <fcc, may maintain a new action.
The law is the same where an administrator recovers a judgment and dies; the succeeding administrator cannot execute this judgment, but may bring a new action.
There are several cases in point, all of which it is not necessary to mention ; as Yelv. 33, Gaites vs. Gough, Yelv. 83, S. P., and Latch, 140.
By an English act of parliament, (17 Car. 2. c. 8,) not in force here, provision is made that the second administrator may execute a judgment recovered on verdict by the first administrator; and it is to be wished that we had some statute including the same, and perhaps some further provisions.
Now, if the second administrator cannot execute a judgment recovered by a former executor or administrator, it is very * clear that he cannot bring error to reverse it; for it has [ * 613 ] become ineffectual if not satisfied, and if satisfied the debt recovered by it has been administered.
The writ must abate, and the defendant in error is entitled to costs, (a)

 [See Rev. Stat. c. 118, § 7, 8, 9, 10. —Ed.]