## SUPREME JUDICIAL COURT,

FOR THE COUNTY OF

# YORK.

## *APRIL TERM,*

## 1821.

---

### HEARD *v.* MEADER, Administrator de bonis non.

To an action against an administrator *de bonis non,* upon a promise made by
the intestate, it is a good plea in bar, that four years since the original tak-
ing out of letters of administration, elapsed during the life of the former ad-
ministrator.

THIS was an action of *assumpsit* brought to recover a debt
due to the plaintiff from one *James Boyd,* the defendant's testa-
tor. The defendant pleaded in bar that one *Paul Rogers* was
appointed executor of the last will and testament of said *Boyd ;*
—that he gave due public notice of his appointment and accept-
ance of the trust;—that said *Rogers* continued to be executor of
said will more than four years after his appointment and accept-
ance of the office of executor ;—that the plaintiff's demand ac-
crued to him at or before said *Rogers'* said appointment;—and
that the plaintiff did not institute any suit on his said demand
against the said *Rogers* at any time within the period of four
years aforesaid.

To this plea the plaintiff demurred in law; assigning for
cause, among other things, that the plea did not shew that four
years had elapsed since the appointment of the *defendant* to the
office of administrator of the goods and estate of said *Boyd,* not
administered by said *Rogers.*

*Wallingford,* in support of the demurrer, argued that the lapse
of four years under the first administration could not avail the

Heard *v.* Meader.

administrator *de bonis non*, to bar the action ; because there was no privity between them ;—they were two distinct and independent administrations, of several parcels of estate. *Grout v. Chamberlain*, 4 *Mass*. 611. 613.

*J. Holmes*, being about to reply, was stopped by the Court ; whose opinion was afterwards delivered to the following effect, by

MELLEN C. J. It appears by the plea in bar that *Rogers*, the executor of the will of *Boyd*, continued in office more than four years after accepting the trust, and giving bond and notice of his appointment according to law :—so that sometime before the death of *Rogers* the plaintiff's demand was completely *barred* by the *Stat.* 1791. *ch.* 28. [*Revised Statutes, ch.* 52. *sec.* 26.] by which actions against executors and administrators are limited to four years next after their acceptance of the trust, and giving notice of their appointment and qualification. And in the case of *Dawes, Judge, &c. v. Shed & al. ex'rs.* 15 *Mass.* 6. it was decided that a claim thus barred could not be revived, even by an express promise of the executor or administrator, so as to be answerable out of the estate of the deceased.

But it is contended by the plaintiff's counsel that there is no privity between *Rogers*, the executor, and the defendant as administrator *de bonis non* ;—in support of which he has cited the two cases of *Grout v. Chamberlain*, 4 *Mass.* 611. 613.—The present action, however, is not brought *by* an administrator *de bonis non* to enforce a judgment or reverse one, recovered by a former administrator ;—but *against* such an administrator, whose duty it is to administer the estate not already administered, and faithfully to guard the estate from injury and loss, by all lawful means in his power. If *Rogers* in his lifetime had paid the plaintiff's demand, the defendant certainly could avail himself of such payment, and prevent the recovery of the same by action ; and for the same reason he may shew by proper plea that the demand was barred in the lifetime of *Rogers* by the limitation, wisely provided by law for the protection of the rights of creditors, heirs and legatees. The defendant has a right, and it is his *duty*, to make the present defence ; and upon every sound principle it must be a good and legal one.

If the doctrine contended for by the plaintiff's counsel were admitted as law, the consequences would be extensively injurious. The appointment of an administrator *de bonis non* would at once revive all claims which had become regularly barred,—throw the estate into confusion,—and effectually destroy, or render useless those provisions which have been so carefully enacted, regulating the just and speedy settlement of estates.

*The plea in bar is adjudged good and sufficient.*