Johes, Chancellor,
in delivering his opinion, spoke substantially as follows : One branch of this motion is to the writ of error, upon the ground that it is not sustainable by Dale, the administrator de bonis non ; and the reason assigned is, that there is a want of privity between him and Mrs. Fulton, the executrix.
0f the motion quash writ,
The judgment is against the assets of the testator. The administrator represents the estate; and would, therefore, seem, upon principle, to be the proper party forredressing any errors which may have intervened. The judgment, if it remain, will be collectable out of the estate. True, there is, in some respects, no privity between the administrator de bonis non, and the executor; and he could not, therefore, maintain a writ of error on a judgment her de bonis propnis, but a judgment against her; to be levied of the goods and chattels of her testator, presents a different question. Not her rights alone, but those of the testator are to be protected. The statute (1 R. L. 133, s. *337 7) concerning the court of errors, provides that it shall be lawful for any party, against whom any judgment may be given in the supreme court, or the representatives of such party, who may be thereby aggrieved to sue forth a writ of error to this court, &c. If the administrator de bónis nm represent the estate, as in substance, if not in form, he certainly does, is he not within the statue ? If the executrix had made an executor, he would have been chargeable as well with the execution of the original will, as with *that of his immediate testator. The administrator de bonis non is the substitute of an executor of the executrix, though certainly with limited powers and duties as to judgments in which the previous representative may be interested.
*336 Administrator represents the brin^er* ror on judgMd^sem&^lf in favor of the sonalrepresen-
*337 It is laid down as a general rule, that no one can bring a writ of error, who is not a party or privy to the record, or injured by the judgment; and who, consequently, will derive an advantage from its reversal. (1 Archb. Pr. 209, and the authorities there cited.) [1] It may, therefore, be brought by the parties themselves, their heirs, executors or administators. (Ibid.) So by the remainderman, or revisioner after tenant in tail, or for life. After the death of tenant for life, the remainderman or reversioner might bring a writ of error at common law, though not, during his life, unless in some way made a party. (Ibid.) To remedy this, the statute, (9 R. 2, ch. 3,) gave the writ during the continuance of the estate for life; which answers to our statute, (1 R. L. 183, s. 6.) The reason which gave the writ to the reversioner or remainderman, is, that he succeeds to the estate. So does the administrator de bonis non. He takes the estate which before belonged to the executor or administrator of his testator or intestate.[2] Is he prejudiced
Who may in general bring error.
*338 by the judgment, or will he derive any advantage from it ? To determine this, it is only necessary to see whether it can be enforced against the estate which he holds as administrator de bonis non. Gout v. Chamberlin, (4 Mass Rep. 611,) was error brought by the administrator de bonis ñon, upon a judgment in favor of the previous executor, on the ground that it should have been for more than was recovered by him. The court held that there was no sufficient privity between them to warrant the administrator being received as a party ; that he must bring a suit de novo upon the original cause of action, if the judgment had not been paid to the executor. This decision proceeded on the old cases, and as the law stood before the statute of Oha. 2, answering to our statute, (1 R. L. 812, s. 9,) enabling an administrator de bonis non to execute a judgment recovered by a previous executor *or administrator. It goes expressly upon the ground that there was, for that reason, a want of privity; and admits that had the statute of Oha. 2 been enacted in Massachusetts as it has in Mew York, the writ would have lain even in that case. It recognizes the rule that if a sci. fa. would have lain, a writ of error would also lie. The doctrine of the cases cited by Parsons, Oh. J., in support of the decision, relate to the privity necessary for a sci. fa. Yaites v. Gough, (Yelv. 33,) is one of them. “Gough was indebted to Oowper in £20, who died intestate; and Frances, his widow, took administration, and recovered by judgment against Gough; but before execution died intestate; whereupon Yates took administration of the goods of Oowper; and brought a sci. fa. against Gough, upon the judgment. And by Popham, Fenner, and Yelverton, it does not lie; for the one administrator is not privy to the other; and this scire facias being grounded upon a record, he who will have an action upon this record, ought to make himself privy to him who was before party to the record, which cannot be in this case; for each administrator claims by commission; and quasi by a collateral authority one to the other; and therefore the opinion of Fitzherbert, (28 H. 8, 7,) is not law. And Benlowes, sergeant, cites a case, (28 H. 8,) adjudged contrary to the opinion of Fitz-
Grov.tr. Chair, ge^n’6^raS3‘
Gcmg^at^-e^ 33.)
*339 herbert.” Barnehurst v. Yelverton, (Yelv. 83.) and Pastal v. Wards, (Latch, 140,) cited by the 'same learned juc]ge, are also to the question of set. fa. founded on privity.
Barnehvjrst v. 'moe.rton^ ^ Pastal v. no!)*’ ^atcb’
/o.At°cmmon law would not istrator de bojudgment the previous representative for want of waslt7 ’always otherwise as to judgmentr against ■ him; there SU?^°prh vity, Norgate jon^H Car. 161, s. 0.)
But in relation to judgments against the executor or administrator, the rule as to .privity has always been otherwise. In Norgate v. Snape, (W. Jon. 214,) “-a man recovered in debt upon an obligation -against another as exe* cutor. The executor died intestate, and administration of the goods of -the 'executor, and de bonis non adminisirandis °f the first testator, was committed to -one and the same .perS0D- The recoverer sued scire .facias -against him, as administrator of the testator and executor. He pleaded as to the -goods of both. The plaintiff replied that he *had assets of the goods of the testatdr.-and found for him. Beve moved in arrest of iudg- ’ _ _ jo ment, that the judgment had against the executor is de-termined by his death without will, wherefore he is not privy a scire facias against the executor; as if one .recover J J ° as executor, and dies intestate, no scire facias lies by the administrator. Jones, Whitlock and Crooke, Justices. It seems that this is well enough.; .for there, is difference be* recovery against an executor, and by an executor. Hyde, J., doubted ; and judgment was given according to the first opinion.” This case is reported with the reasons •more :at large by Croke, one of the judges. (Oro. Oar. 167.) > The -reason assigned -in ¡the case of judgment -by the executor, is that the administrator de bonis non comes in paramount the judgment, -and is not party thereto ; but where the judgment is against the previous representative, he coming in place of the ‘testator, and the recovery being for the debt -of the testator, -he is liable ; though-as administrator to -the executor, in the case cited, it was held-that he was mot liable. This case was decided -shortly before the statute - of Gh. 2, giving “power to the administrator de bonis non, to .execute -the judgment in favor of his predecessor; and probably gave ■rise to that statute. He now,-therefore, stands on:the:same footing of privity, whether -the judgment be for Or against *340 the previous administrator or executor; and is entitled to \ , , . , , , a sci. la. on the one hand, as he is liable to one on the J other.
It being true, then, that a sci. fa. will lie, it is perfectly clear that a writ of error will lie also. The judgment affects him as a privy in estate. He and the previous executor or administrator, are like ancestor and heir. In Hirst, administrator de bonis non of Hirst v. Smith, (7 T. R. 178,) which was a motion in arrest, because the promises were all laid to the first administrator, lord Kenyon observed : “ The defendant’s objection rests on this broad foundation, that there is no privity between the former administrator and the plaintiff, the administrator de bonis non; but that proposition is certainly not true in its extent. Suppose the *former administrator had entered into an agreement for the sale of a lease of a chattel interest belonging to the intestate, and had died before the agreement was completed, the administrator de bonis non stands in such privity of estate, that he would be compelled to carry that agreement into execution.” Ashurst, J., said, “As it is alleged that the promise was made to a person, from whom the plaintiff deduces his title, and between whom and the plaintiff there is a privity of estate in law, it is the same as if it had been stated that the promise was made to the plaintiff himself, because the law recognizes the relation.” This doctrine is fully adopted by the elementary writers.
one entitled J^vs“e^rmay Hirst v. Smith, \ T" 1?Sl
The executrix need, not be a party to the WMf*
It was said that the executrix stands upon this record • e * e e personally liable. But I perceive that the judgment is in usual form of one against the estate. Ho defence having the been made on the ground of a want of assets, it is true, that her estate may eventually be chargeable as for a devastavit, should an execution fail upon the judgment as it now stands. But the answer is, that her estate is not liable by force of the judgment as such. If liable at all, as to the principle of the recovery, it is on another and distinct ground, which there must be a subsequent proceeding to establish; at least a fi. fa. returning a devastaiit, or a sci. fa. Formerly the executors or administrators of an executor or administra- *341 *or were no^ chargeable for a devastavit. This is remedied by the statute, (1 R. L. 312, s. 8.) Under this statute the estate of Mrs. Fulton may be charged; but the statute has not taken away the former remedy. It is cumulative; and the plaintiff may still resort to the administrator de bonis non, provided the estate of the one who commits the devastavit proves insolvent. Indeed, he may take his election; resorting to either at his pleasure. As to the costs; it is true, the estate of the executrix is more directly liable; but even as to these, not in the first instance. The original assets must first be wanting. Suppose her, or her estate, finally charged ; what harm in allowing her, or her representative, then to come in and reverse the whole proceeding, including *the original judgment? It is a valid objection that the defendant in error is thus subjected to two successive attacks at different hands ? It must always be so, where there are two distinct parties interested, who cannot be joined. The case of a judgment against the tenant, exposed to a writ of error from the immediate defendant or the reversioner or remainderman, is liable to the same objection.
On the whole, I am of opinion that the writ of error lies at the suit of the administrator de bonis non alone.
Another question is; whether Dale can be called on to letters of administration? and what is the conse" qnence of their non-production so far ? The writ of error has gone regularly though all the requisite forms, and received the sanction of the proper officers; but when the plaintiff in error comes to his assignment, he makes no proferí of his letters of administration. When the power of a plaintiff to sue in a particular character is denied, he must first establish his right. An administrator must show his right; and the legal course in common actions is, to make a proferí of his letters; and if the defendant means to deny the right, he craves oyer, and pleads. If a proferí be omitted, this is good cause for special demurrer. If an issue of fact be joined, the question is then tried by a jury. Here a proferí, or at least actual production of the letters, is equally necessary on assigning errors, especially where a party *342 comes in a new character, not appearing on the record below. That may be questioned. It would be a proper subject of an issue to the jury in any other court. But here issue of fact is rarely taken. We are usually confined to issues upon errors alleged in point of law. Whether an issue of fact can be taken and tried in this court, has not yet been determined. It is clear that subsequent matter of defence may arise, calling for such a course; accord and satisfaction, a release of errors, and the like, may be pleaded, and an issue joined, which it may become necessary for us to dispose of. A plea of accord and satisfaction was interposed in the supreme court of ^errors of Connecticut, in Salmon v. Pixlee, (2 Day, 242,) but it went off upon an issue of law. So far there would be no difficulty here. But how are we to get along with a question of fact upon the record ? There is certainly great difficulty in this inquiry; and I am happy not to feel myself under the necessity of passing upon it now. Whether we are to try by affidavit, or in any other mode that may be more solemn and satisfactory, is a question which must be reserved for the proper occasion. In this case we can, I think, come at the truth, without directing the question to be put upon the record. A similar question was adverted to in Wilson v. Codman's executor, (3 Cranch 193,) before the supreme court of the United States, by Marshall, 0. J. The plaintiff in error died pending the writ; and his executor was admitted to prosecute; and the defendant insisted that he was entitled to oyer of the letters testamentary within a certain time. The chief justice said, “Unquestionably -he must show himself executor, unless the fact be admitted by the parties; and the defendant may insist on the production of his letters testamentary, before he shall be permitted to prosecute.” In the principal case, the defendant in error has come in at the very first opportunity; and raised his objection by motion. And though the writ of error is in the usual form, and has gone through the proper offices, and is duly allowed, yet this is not conclusive. The whole was ex parte. The defendant had no means to arrest the proceedings ; and no motion could be made till the cause came *343 i161,6, In W opinion, the defendant in error has a rightcaü plaintiff in error to produce his letters ; and1 I think there should he a‘ rule that he produce them-, at some ghOI¡t day, in default of wii-ich. the writ of error' should be dismissed',
*341 But an adminis called on to Fetters!8 ‘S
*342 Whether an issue of fact can be taken, and tried in the court of errors. Salmon v. Pixlee, (2 Day, 242.)
Wilson v. Codman’s executor, (3 Cranch, 193.)
*343 Should be a rule to produce letters at a short day.
Spesoer, Senator.
There' are two motions; the order of Which I shall reverse.-
1. The motion is- made to dismiss the writ of error,, on-ground that án1 administrator" de bonis non, &c:,, cannot brjng' error on a- judgment recovered against the executor of the' de'ce'aseck
.Whether an de bonis can bring er-
*The case of Grout v. Chamberlin, (4 Mass. Rep. 611,) to which we- have been referred, contains the- true exposition . . ’ , . r or the common law, respecting the privity' between- an ad™nistr'ator de boñis non, and the estate of the last executor of the deceased, upon- the facts there presented. That was a- judgment recovered- by the executor, in his own name as such, which he might himself have reversed,- and which his personal representative,- therefore, might reverse; but Which, having become a species of assets in the- hands of the executor, reduced to' possession by him, could no longer be considered’as Unadministered effects of the deceased.- A right-of property in the debt, was acquired by the executor, by the rendition of the judgment, and as his estate Would be liable for its collection and- application,, his personal representative' only Could enforce it,- Or take the necessary measures to render it- available. It is very obvious, therefore, that there wás & want of privity between the administrator of the unadministered assets of the deceased testator and the es< tate of the exeeiitof.
_ , Grout v. Chamberlin, gtve^the common law. that law.
The cáse in Tel ver ton,- 33-, aíid théáe" collected in- Com-yn’a , . J .Digest, referred toby the counsel for'the defendant m error, decide that, at common law, an administrator de bonis non cannot bring scire faáds guare éocecutiónem non upon a judgment obtained by an executor' in his own name, pxe* ceed Upon the same pxlncipleand this was the' undoubted 1 A ' law,- until altered by otif statute, (1 R. L. 312. s. 9.) It is to be' that these are all cases *344 in which a judgment was- recovered by an executor. The reason of the law ceases when applied to a judgment an executor. He has no right or property in such a judgment, but is purely a representative- of the estate, or trustee for the creditors and next of kin of the testator. It appears to me quite unreasonable to contend, that in such a case the representative of the executor can, in any way, represent the estate of the testator. The bond which he executes, and all his responsibilities, relate only to the estate of the executor; whereas, the bond of the administrator de bonis non relates to the estate of the testator. It would seem, therefore, *that he is, in all cases, the only representative of that testator. But a debt which has become merged in a judgment recovered by an executor in his own name, is no longer a part of the estate of the testator. It is a part of that of the executor. Hot so, however, o'f a judgment against an executor. Here is a, mere representative ¿ and his estate has no interest in it. This distinction is clearly recognized in the boobs. Thus, in the case of Norgate v. Snape, (reported in W. Jones, 214, and in Croke’s Cha. 167,) it is decided that if a judgment be recovered against an executor, and he dies intestate, a scire facias to revive that judgment must be brought against the administrator de bonis non of the original testator; on the ground, as stated by the court, that he comes in place of the executor, and is liable for the testator’s debts; but that the administrator to the executor is not liable for the debts of the testator* Thus, in the present case, according to this decision, before the plaintiff in the court below, H. I. Eoosevelt, can take out execution on his judgment against Harriet Fulton as executrix of Eobert Fulton, he must issue his writ not against the administrator of Mrs. Fulton, but to Charles A. Dale, the administrator de bonis non of Eobert Fulton to show cause why that judgment against Mrs. Fulton should not be enforced. If, then, Charles A. Dale is the proper person to defend against that judgment, surely he is the proper person to prosecute a writ of error to reverse it. This case is conclusive ; and upon authority, therefore, as well as upon principle, it seems to be undeni *345 able, that the administrator de bonis non is entitled to bring writ of error to reverse a judgment obtained against the executor of the testator.
*343 For the same reason, an administrator de bonis non could mon law, have judgment” in favor of the previous personal theV6’ reason
*344 ceases as to a
Administrator m8ay bring ’e” T d*^g®Jer®! gainst the prerepresentative!
*345 questi0n, however, arises, whether the executor is not interested in the j" udgment in this case, on account of its being aSa™sfc ker for the costs, if there are no assets; and on account of the pleadings having admitted assets in her hands, ^ jg apege(jj she made herself personally liable, if sufficient assets could not be found to satisfy the debt. I think it very questionable whether such a judgment, which relates entirely to the manner of levying the execution, can be considered within the spirit of our constitution, and the laws organizing this court, as the j" udgment by which the parties were aggrieved, and which was the proper subject of a writ of error. The judgment is absolutely against the estate of Eobert Fulton ; and, upon certain contingencies, the amount may be collected of the executor. It is most clearly one in which the estate of Eobert Fulton is interested ; but it is doubtful and uncertain whether the executor is interested. The representative of the estate of Eobert Fulton would seem, therefore, to have a much better right to be heard, in asking its reversal, than the representative of the executrix; and, as before stated, I think he should have that right at all events. Nor does it seem necessary in this case to inquire whether he should join with the representative of the executor; for we have no evidence before us that there is any such representative. That fact tends strongly to exhibit the injustice of a rule that would make the representative of one estate depend-ant on the contingency of there being a representative of another estate, for the attainment of his rights. But if. the executor be aggrieved by such a judgment, which is very doubtful, according to the case of Norgate v. Snape, before cited, I see not why his representative may not have his separate writ of error, as well as the reversioner, remainderman, heir, &c. The inconvenience to the court, or to the defendants in error, of having two writs, is not to be compared with the inj ustice which might result from making the interest of one estate depend upon the irrespon *346 sible representative of another, who has no connection with it. By irresponsible, I mean, the want of an official and legal responsibility. In either view, therefore, I am of opinion that the administrator de honis non has a right to bring a writ of error upon a judgment against the executor; that there being no evidence that the executrix in this case has any representative, there is no ground furnished for the objection that such representative should join with the administrator or be summoned and severed; and that if there was such a representative, *and he could bring error in behalf of the estate of the executor, yet that he could prosecute in a distinct right, and need not necessarily be joined with the administrator de honis non.
*345 Whether the atwcm may be the so e party.
*346 He may.
2. The next motion to be considered is, that the plaintiff in error produce the letters of administration constituting him administrator de honis non of ¡Robert Fulton, deceased. In opposition to this motion, it may be said that it is unnecessary, inasmuch as the defendant in error may demur to the assignment of errors if it has omitted a profert in curia of the letters, or, if it contains such a profert, that he may then plead to it specially. It is undoubtedly true, that, according to the practice of the king's bench in England, sitting as a court of error, the defendant may plead specially. My researches have not enabled me to discover any such practice in the exchequer chamber or in the house of lords. On the contrary, all the cases cited by Mr. Archbold, where special pleas have been allowed, occurred in the king’s bench. And I think I can perceive a good reason why such a practice ought not to be allowed in this court; for, if the defendant may plead anything but the general joinder of in nullo est erratum, an issue of fact will be formed, which, by the constitution of this court, cannot be tried here. I know of no process by which it can be remitted to any inferior court for trial; or if sent there, and returned to us, I do not see what is to prevent the defendant from interposing special pleas, as often as the record comes here. The consequence, then, of allowing special pleas, would be to hang up a cause in this court, indefinitely. The practice of hearing motions to dismiss the *347 writ, of error, prevails in all the courts in England-, and has, been, liberally extended to- a great variety of cases where pleas might be interposed. This praetiee is better adapted-, to, the constitution of this, court, and equally, if not. mors, convenient to the parties than, that of special pleading. Affidavits on both sides, may be produced; and the court cai1 always guard against surprise by giving to. either party farther time. I *think that the defendant ought not to b,e pot to his plea,; hut that the question in this case may be properly determined on motion, without deciding whether that is not the only course.
*346 Whether the plaintiff in error shall produce his letters of administration.
Court of errors cannot try an issue of fact
*347 It seems, mat-come up on motion? and
A technical difficulty arises, from thó circumstance, that plaintiff in error has not made a. proferí in curia, of his letters of administration, by which he shows to the court * ^ his authority to appear here.. If the defendant had demurred for this defect, I think the- objection would have been-valid. All the precedents in analogous- cases contain, such & proferí, and they furnish good evidence of the law. Besides, there is good reason for requiring a party who, appears to represent another interest, to show his authority for doing so; for thereby he compromits that interest. Else any judgment rendered must he invalid. But if such a demurrer were put in, and this court should deem it well taken, there can be no doubt but leave would be granted to amend on payment, of costs. Gonsidering this motion, then, as in the nature of a demurrer, on that ground, I will also consider an amendment as having been made, by which the plaintiff in error brings into court the letters of administration, He will then do precisely what the defendant now moves that he shall do; and when the counsel for the plaintiff in error asked leave of this court to make the amendments, he, in effect, conceded the propriety of the motion. Looking at this, then, as a motion which covers the whole ground that a demurrer and special plea would occupy; as á demurrer grounded on the defect in form for omitting the proferí, and supposing that amended, as a speP*ea taking issue on the fact of his being administrator, it is very clear to my mind that the motion that the plain* r *348 tiffin error produce the letters of administration, ought to be granted.
*347 .Administrator xor mnrt make proferí of his lstfcors
Jlotion that he produce them should he granted.
*348 Indeed, the counsel for the plaintiff in error has offered to this court evidence of the fact that such letters have been issued, by producing the order of the court of chancery, directing that they should be issued on certain conditions being performed by the applicant. But this order is con-o j. «/ a a tingent and prospective; and affords no evidence of ‘"'the fact that letters have been actually issued. It was as easJ for the plaintiff in error to produce an exemplification of the letters under the seal of the surrogate of Hew York, as it was to exhibit the order of the court of chancery. This has not been done; and the inference is strong that it could not be done; and that the plaintiff, in truth, is not administrator de bonis non of Robert Fulton. Ho court can suffer any person to appear before it in a representative character, without evidence of his authority; for no judgment that should be rendered, would be valid against the party or estate thus fictitiously represented. Writs of error might thus, without right, be multiplied on us by every person that chose to call himself an administrator.
An order of leUerTiiu^on certain conditions is not that theyhave issued. 3
My opinion, therefore, is, that so much of the motion as . relates to the dismission of the writ of error, on the ground that an administrator de bonis non cannot bring error, be denied; and that the plaintiff in error be directed to produce the letters of administration constituting him administrator de bonis non of the estate of Robert Fulton, deceased, within four days; and, in default thereof, that the writ of error be dismissed; and that the costs of this motion abide the final result of the cause.
Wb,at,, "T0 rule should bs in this case.
Rule accordingly.

 In the state of New York, writs of error in civil actions, as they have heretofore existed, are now abolished; and the only mode of reviewing a judgment is by an appeal in the manner prescribed by the .code. Code of 1851, sec. 323; Monell’s Pr. p. 734.

 An administrator de bonis non stands in the place of the first administrator, and is bound whenever the latter would be bound, and concluded by whatever would conclude the latter. Johnson v. Lewis, 1 Rice’s Eq. Rep. 40; see Wiggin v. Swett, 6 Metcf. 194.
See Waterman’s American Chancery Digest, vol, 2, tit. Executors and Administrators.