JONATHAN D. BROWN *vs.* FRANCIS PENDERGAST.

Under Gen. Sts. *c.* 128, § 11, if pending a suit brought by a sole administratrix her authoɪ·
ity to prosecute it is extinguished by her marriage, the suit may be prosecuted by the ad-
ministrator *de bonis non.*

THIS action was commenced in the police court in Boston by
Angeline Gooch, sole administratrix of the estate of T. L.
Gooch. While the action was there pending, she married the
plaintiff.¹ He was afterwards appointed administrator *de bonis
non* of the same estate, and thereupon appeared in court and
obtained leave to prosecute the action, and the court rendered
judgment in his favor. The defendant appealed to the superior
court, and there contended that, as the marriage of the original
plaintiff extinguished her right and power as administratrix,
(Gen. Sts. *c.* 101, § 4,) this plaintiff had no legal right to prose-
cute the action. But that court ruled otherwise, and allowed
the plaintiff to proceed to trial. The plaintiff obtained a ver-
dict, and the defendant alleged exceptions.

*D. F. Crane,* for the defendant.

*H. Gleason,* for the plaintiff.

METCALF, J. By the Gen. Sts. *c.* 128, § 11, "when an exec-
utor or administrator dies or is removed from office during the
pendency of a suit in which he is a party, the suit may be pros-
ecuted by or against the administrator *de bonis non* in like man-
ner as if it had been originally commenced by or against such
last administrator." This provision was first made by *St.* 1817,
*c.* 190, § 18, and has been in force ever since. Rev. Sts. *c.* 110,
§ 7. And it was made, as were the provisions of *St.* 1812, *c.* 105,
in consequence of the decisions in *Grout* v. *Chamberlin,* 4 Mass.
611, 613, (contrary to what was before supposed to be the law,
1 Dane Ab. 577,) that there was, by the common law, no privity
between an executor and administrator *de bonis non;* that the
latter, therefore, could not maintain a writ of error to reverse a
judgment recovered by the former; that such judgment became
ineffectual by the death of the former while it was unsatisfied:

and that a new action might be brought for the same cause of action, by the latter. And Parsons, C. J., said that the law was the same when an administrator recovered a judgment and died; that the succeeding administrator could not execute the judgment, but might bring a new action. There can be no doubt that the decisions would have been the same if the administrator *de bonis non* had been appointed upon the removal of the executor or former administrator; for there would have been the same want of privity as in the case of the death of either of them. Nor can there be any doubt that it necessarily follows from those decisions that an administrator *de bonis non* could not have prosecuted suits commenced by the deceased or removed executor or administrator. Hence the *St.* of 1817 provided not only, like *St.* 1812, that an administrator *de bonis non* might maintain a *scire facias* on a judgment recovered by an executor or administrator who had died or been removed, and might bring a writ of error to reverse such judgment, (which provisions are retained in the Gen. Sts. *c.* 128, §§ 13, 14,) but might also prosecute a suit brought by such executor or administrator, and pending when he died or was removed.

When *Sts.* 1812 and 1817 were passed, the only cases in which authority to appoint administrators *de bonis non* was given or recognized by previous statutes were those of the death of an executor or former administrator, or of his removal which was the legal effect of granting a new administration. Anc. Chart. 434. *Sts.* 1783, *c.* 36, § 10; *c.* 24, § 19; and 1782, *c.* 25, §§ 2, 3. And for this reason these statutes mentioned those two cases only. But they repealed the common law as to want of privity between such administrators and those whom they succeeded, in all cases in which the appointment of such administrators was then authorized; and thereby a change in our law was effected, which Chief Justice Parsons, in 4 Mass. 612, had said was " to be wished."

It was not until the passing of the Rev. Sts. *c.* 63, § 9, (reënacted in Gen. Sts. *c.* 101, § 4,) that the marriage of a female sole executrix or administratrix extinguished her authority, and authorized the appointment of an administrator *de bonis non.*

By the common law her husband became joint executor or administrator with her, which law was repealed in part, by *St.* 1783, *c.* 24, § 19. *Wiggin* v. *Swett*, 6 Met. 196. If she married after bringing a suit as executrix or administratrix, the suit abated as it did when she sued in her own right, and she and her husband might commence a new action. *Swan* v. *Wilkinson*, 14 Mass. 295. And the defendant insists that the present suit is abated by the marriage of the former administratrix, because the Gen. Sts. *c.* 101, § 4, do not authorize him, in terms, to prosecute it, and *c.* 128, § 11, authorizes administrators *de bonis non* to prosecute those suits only which were commenced by a deceased or removed executor or administrator. But the court are of opinion that the statute which first authorized the appointment of an administrator *de bonis non* in a case like this must be held to have conferred on him, when appointed, the same authority which had been given to like administrators appointed on the removal or death of other administrators, or of executors; that the rule of the common law (which was in force when the cases of *Grout* v. *Chamberlin* were decided) was wholly annulled by *Sts.* 1812 and 1817. All the reasons which induced the passing of those statutes apply to this case, as all the mischiefs which they were intended to remedy would otherwise exist in this case, namely, delay in the settlement of estates, the loss of judgments already recovered, of attachments and of costs. If the plaintiff cannot prosecute this suit, he could not enforce a judgment against the defendant, if one had been recovered by the former administratrix.

We are of opinion that although § 4 of *c.* 101 of the Gen. Sts., which authorized the plaintiff's appointment as administrator *de bonis non*, is silent as to his authority, yet that he is within the intention and equity of § 11 of *c.* 128 of the same statutes, and was rightly admitted by the superior court to prosecute the present action. In making this decision, we apply an old and unshaken rule in the construction of statutes, to wit, that the intention of a remedial statute will always prevail over the literal sense of its terms, and therefore when the expression is special or particular, but the reason is general, the expression should

be deemed general.  Co. Lit. 24 *b.*  *Beawfage's case,* 10 Co.
101 *b.*  Dwarris on Sts. (2d ed.) 616.  *Whitney* v. *Whitney,* 14
Mass. 92, 93.  *People* v. *Utica Ins. Co.* 15 Johns. 381.  *Crane* v.
*Alling,* 2 Green, (N. J.) 593.  *Winslow* v. *Kimball,* 25 Maine,
495.  *Murphy* v. *Leader,* 4 Irish Law Rep. 143, and Jebb &
Bourke, 75.  1 Kent Com. (6th ed.) 461, 462.

*Exceptions overruled.*