JOHN THOMPSON *v.* MARY G. BADHAM, Adm'x. &c.

A privity exists between an administrator *de bonis non* and the first administrator, as well in the case of plaintiff, as of defendants, so that the former succeeds to all the rights of the intestate, in respect to personal property, which the first had not fully administered; and a judgment against the first administrator, is conclusive evidence against the administrator *de bonis non*, in an action to renew it.

Such judgment may, however, be impeached for fraud by the administrator *de bonis non*, either by motion in the cause, or by answer to plaintiff's action to revive it.

(The cases of *Ellison* v. *Andrews*, 12 Ired. 190; *Jarman* v. *Sanders*, 64 N. C. Rep. 367; *Ferebee* v. *Barter*, 12 Ired. 64; *Cannon* v. *Jenkins*, 1 Dev. Eq. 422; *Butner* v. *Kuhln*, 6 Jones, 60; *Eure* v. *Eure*, 3 Dev. 206; *Smith* v. *Downey*, 3 Ired. Eq. 286, cited, commented on and approved.)

CIVIL ACTION, commenced in a Justice's Court, from which the transcript of the judgment in favor of the plaintiff, was filed in the Superior Court of CHOWAN County, where a motion in the cause was heard by *Albertson, J.*, at Fall Term, 1873.

The facts are : Wm. Badham died intestate, a citizen of Chowan County, in 1863, and administration on his estate was granted to the defendant, Mary G. Badham, in 1865, who administered the estate from the time of her qualification, to the time of her death, in 1871.

In 1871, plaintiff obtained in a Justice's Court, a judgment against Mary G. Badham, the administratrix, for about $103, and filed a transcript of the same in the Superior Court of Chowan County. In the fall of 1871, the administratrix died, and administration *de bonis non* on the estate of Wm. Badham, was granted to the present defendant, Fanny R. Warren, one one of the next of kin of her intestate, who is now discharging the duties of the office.

The plaintiff issued a notice to the present administratrix, returnable to Fall Term, 1873, of said Court, to show cause why judgment should not be entered up against her, as administratrix *de bonis non*, and execution issue thereon. On the hearing of this motion, the administratrix offered to show:

1. That the plaintiff in 1861 was, and still is indebted to the estate of her intestate, Wm. Badham, in amount of several thousand dollars; that the accounts upon which the plaintiff obtained his judgment, was contracted by the former administratrix, Mary G. Badham, in 1867, several years after the death of her intestate; that the plaintiff filed his petition in Bankruptcy in 1869, and purchased this account from his assignee; that the debt due from the plaintiff to her intestate, was duly proved before and acknowledged by the assignee of the plaintiff, and therefore the judgment rendered before the Justice, and on which this action is founded. against the said Mary G. Badham, was a fraud on the next of kin.

2. That the account on which the judgment was rendered, was for lumber purchased by Mary G. Badham, in 1867, and was therefore her individual debt; and that said judgment was a fraud upon the estate of her intestate.

His Honor refused to hear the testimony, because he had not the power: and because, the present administratrix *de bonis non*, was concluded by the judgment rendered against the first administratrix, Mary G. Badham, and is estopped from any defense, which might have been made by said Mary G. Badham; and thereupon his Honor gave judgment in favor of the plaintiff against the present administratrix *de bonis non*, from which judgment, she, the defendant appealed.

*A. M. Moore*, for appellant.
No counsel in this Court, *contra.*

RODMAN, J.    Three questions are presented in this case:

1. Can a plaintiff who has recovered judgment against an administrator, revive or enforce the judgment after the death of the administrator, against an administrator *de bonis non.*

At common law there was no privity between an administrator and an administrator *de bonis non*. *Ellison* v. *Andrews*, 12 Ired. 190. If an administrator recovered a judgment and died before collecting it, it became ineffectual. The ad-

ministrator *de bonis non* could not sue on it, or avail himself of it in any way, though he might sue on the original cause of action. *Grant* v. *Chamberlain*, 4 Mass. 611; *Beall* v. *New Mexico*, 16 Wall. (U. S.) 534.

The inconvenience has been remedied by legislation more or less fully in England, and probably in most of the American States. In this State the Revised Code, chap. 1, sec. 4, enacts that no action to which an executor or administrator is plaintiff or *defendant*, shall abate by his death, but it may be revived against the administrator *de bonis non, &c.* See also C. C. P. sec. 64, and Rev. Code chap. 46, sec. 43.

Under these or similar acts it has been settled in this State that a privity does exist between an administrator, and an administrator *de bonis non*, for many if not for all purposes.

The latter succeeds to all the rights of the intestate in respect to personal property which the administrator has not fully administered. He alone, to the exclusion of creditors and distributees, can recover from the representative of a deceased administrator, not only the property remaining in specie, (which is the general law,) but also the value of the assets which the administrator has wasted or misapplied. *Ferebee* v. *Baxter*, 12 Ired. 64; *Cannon* v. *Jenkins*, 1 Dev. Eq. 422, and numerous other cases to the same effect. The acts cited seem especially to apply to cases in which the death of a representative party occurs before a final judgment or decree. But it is held in England upon the equity of a statute similar to ours, except that it is confined to plaintiffs, that an administrator *de bonis non* may revive a decree obtained by an administrator. *Pew* v. *Cudmore*, 3 ch. R. 33. See also *Bœtner* v. *Kuhln*, 6 Jones 60. And the privity is held to exist in this State, so that an administrator *de bonis non* can recover upon a bond taken payable to the administrator. *Eure* v. *Eure*, 3 Dev. 206.

It is a reasonable inference that if the act cited makes successive personal representatives privies when they are plaintiffs, it does so also, when they are defendants. If an administrator *de bonis non* can enforce a judgment recovered by an

administrator, as by *Eure* v. *Eure* and *Pew* v. *Cudmore,* he can, is there any reason why a judgment against an administrator shall not be evidence, (whether conclusive or otherwise,) against the administrator *de bonis non ?* The only difficulty in the answer, we conceive, consists in this, that there is no direct authority that we know of, to the effect that it is, and there is respectable authority apparently to the contrary.

In Bigelow on Estoppels, p. 79, it is said, " An administrator *de bonis non,* is not in privity with the (first) representative of a deceased testator : and therefore a judgment against the former is no evidence of debt against the latter. Nor is an administrator *de bonis non* in privity with his predecessor the executor."

The authorities cited for this *Thomas* v. *Sterns,* 33 Ala. 137, and *Coleman* v. *McMurdo,* 5 Rand. 91, are not accessible to us. Probably they depend upon the statutes of the particular States. At all events being on a matter of local and statutory law, we do not consider them binding on us.

We think there is such a privity created by statute between an administrator and an administrator *de bonis non,* as makes a judgment against the former, *evidence* against the latter.

2. Is the evidence *prima facie* only, or conclusive? The answer is not altogether free from difficulty. Some inconvenience may attend a general rule either way. If the judgment be held only *prima facie* evidence, the defendant may dispute the items of an account, or the *factum* of a bond, and put the plaintiff to proof of them a second time, after the matters have been once decided by a competent Court, after a careful and faithful defence by the administrator. If held conclusive in the absence of fraud, it may sometimes happen that by the ignorance or inadvertence of an administrator, the personal estate will be held bound for a debt, to which a good defence is subsequently discovered. There is also an entire want of direct authority as far as we know. On the whole we think that the inconvenience and chance of wrong is less by holding

the judgment conclusive, and that both principle and the authorities which have been found are that way.

The same reason which makes the judgment evidence at all, makes it conclusive, for privies are concluded where the parties to whom they are in privity are. To hold it less than con‑ clusive, would be to deny all effect to the privity.

Confessedly there is no privity between the administrator and the heir. But it is held that a judgment against the ad‑ ministrator is *prima facie* evidence against the heir. *Alston* v. *Mumford*, 1 Brock. C. C. R., 266 ; *Harvey* v. *Wilde*, L. R. 14 Eq. 438. And in *Steele* v. *Lineberger*, 59 Pa. 308, it is said that such a judgment is conclusive as to the personalty, and, *prima facie* evidence against the heir. In *Smith* v. *Downey*, 3 Ired. 268, a residuary legatee sought to falsify an item in the account of the defendant who was administrator *cum test.*. *annex.*, by which he claimed credit as having paid a judgment recovered against him by a creditor of the testator, on the ground that the judgment was fraudulent and collusive. The defendant denied the fraud, and also relied on the judgment as an estoppel as to the existence of the debt. Ruffin, C. J.,. says, " Certainly an administrator who honestly defended a suit is to be protected by the judgment obtained against him *per testes* and *in invito*, although the claim on which the judg‑ ment was founded may have been unjust."

3. Can the judgment be impeached by the administrator *de bonis non*, for fraud between the plaintiff and the administra‑ tor in obtaining it ?

Judgments are not exempt from the general principle that; all transactions may be avoided for fraud. Story in enumera‑ ting the cases in which Courts of Equity will give relief, men‑ tions cases " of fraud in verdicts, judgments, decrees, and other judicial proceedings." Story Eq. Jur. sec. 252; *Earl of Brandon* v. *Beecher*, 3 Cl. and Fin. H. L. 479. The case of. *Smith* v. *Downey*, is to the same effect. In the present case both administrators were trustees for the next of kin, and although the statute creates a privity between them for certain

purposes of convenience, it does not extend to protect any fraud.

The rule that parties and privies cannot *collaterally* impeach a judgment has no application. Formerly relief was generally to be sought by bill in equity. In *Jarman* v. *Saunders*, 64 N. C. 367, it was held that it should be done by a motion in the cause. There is no reason why it shall not be done upon an answer to the plaintiff's action to revive his judgment.

In all these ways the impeachment is direct, and the question of fraud is directly presented.

Judgment reversed and case remanded to be proceeded in according to this opinion.

PER CURIAM.                                    Judgment reversed.