WILLIAM B. TAYLOR, administrator *de bonis non, vs.*
ARTHUR SEWALL.

Sagadahoc.   Opinion February 6, 1879.

*Review.   Administration de bonis.*

An administrator *de bonis non* cannot maintain a petition to review a judgment recovered against his predecessor for any cause. He is neither a party to such judgment, nor in privity with any one who is.

The remedy given to an administrator *de bonis non*, in R. S., c. 87, §§ 45, 46, does not include that of review.

PETITION FOR REVIEW, brought by the petitioner, William B. Taylor of said Bath, administrator *de bonis non* of the estate of Jonathan H. Crooker, late of said Bath, deceased, setting out that George W. Duncan was duly appointed and took upon himself the office and trust of administrator of the estate of said deceased on the first Monday of August, 1870, and continued in said office until the first Tuesday of February, 1877, when he resigned his said trust, and his resignation was accepted by the judge of probate for said county, and the petitioner was on that day appointed by said judge of probate, and duly qualified in his stead.

That, at the August term of said supreme judicial court, 1871, and on the 17th day of the term, being the second day of September, 1871, Charles Crooker of said Bath, then living, but since deceased, and upon whose estate administration had been committed to Arthur Sewall of said Bath, recovered a judgment against the goods and estate of said Jonathan H. Crooker in the hands and possession of said George W. Duncan as administrator, as aforesaid, for the sum of three thousand four hundred and ninety-six dollars and two cents, debt or damage, together with the costs of suit, and that said judgment was obtained for an unjust and illegal claim and for interest on said unjust and illegal claim, by reason of said Duncan not appearing and answering to the suit of said Charles Crooker, on said illegal claim, and suffering himself to be defaulted therein.

That said Duncan was made to believe, by the representations

of said Charles Crooker, and by his accounts previously exhibited by said Charles to him, that the claim of said Crooker was much less then the claim set out in his writ in said action, and that the same did not exceed the sum of twenty-five hundred dollars, and that said Charles did not claim any interest in his said action, and said Duncan was therefore misled and mistaken as to the amount claimed by said Charles in his writ in said action, in which he allowed himself to be defaulted as aforesaid.

And that said Duncan colluded with said Charles Crooker to allow himself to be defaulted in said action, and by reason of said collusion, said Charles fraudulently obtained said judgment.

That, by reason of the mistake and fraud aforesaid, justice has not been done, and that a further hearing in said action would be just and equitable.

Wherefore, he prays that, after due notice to said Sewall, as administrator of said Charles Crooker, a review in said case may be granted.

Upon the hearing of said petition, the defendant moved that the same be dismissed, because the court had no authority to grant a review between the parties named in said petition, for the causes therein assigned.

Which said motion was overruled by the presiding justice, who held, as matter of law, that the court had authority to grant a review between the said parties for the causes named in said petition, and so granted a review as prayed for.

To the overruling of which motion, and to the ruling in matter of law, the defendant excepted.

*F. Adams,* for the petitioner.

*N. Webb, T. H. Haskell & C. W. Larrabee,* for the defendant.

DANFORTH, J. This is a petition by an administrator *de bonis non,* asking a review of a judgment obtained, as he alleges, through fraud and collusion, against his predecessor.

In *Elwell* v. *Sylvester,* 27 Maine, 536, it was held that a review can be granted only upon petition of a party to the judgment, or some one representing his interest. In this case the

petitioner is neither ; certainly not a party. Nor does he represent the interests of the party, but may be in a position antagonistic. True, he is the successor of the former administrator, but derives no right to the property to be administered upon from or through him, but takes it directly from the decedent. He is "appointed to administer upon that portion of the estate of a deceased person not before administered upon." 2 Red. on Wills, 89. He may even maintain an action against his predecessor, as his title dates from the death of the testator or intestate. *Id.* 91.

There can therefore be no privity between them, nor can the one in any sense be said to represent the other. *Nowell* v. *Nowell*, 2 Maine, 75–80. *Grant* v. *Chamberlain*, 4 Mass. 611. Freeman on Judgments, § 163.

This principle of the common law seems to be conceded in the argument, but it is contended that it has been changed by the provisions found in R. S., c. 87, §§ 4, 5, 6.

If this statute is to have the effect claimed for it ; if by it the administrator *de bonis non* is, as regards the judgment, made a privy with his predecessor, the result must be that on the principal cause alleged for a review, that of collusion, the petition must fail. The party himself could hardly take advantage of his own wrong, and his privies would be equally bound with him.

But such is not the effect of the statute. The remedies there provided, after judgment obtained, are *scire facias*, an action of debt and a writ of error. Neither of these changes the title to the property involved. The administrator *de bonis non* still claims under the decedent, takes his title and not that of his own predecessor. In neither of these remedies can the original judgment, or execution issued thereon, be satisfied by a levy upon the property in the hands of the new administrator. It can only be the foundation for a new process, under which, for the reason that the present petitioner is not a party or privy, he may set up the alleged fraud and collusion as a defense. If judgment is obtained under a proceeding in debt, or *scire facias*, then to such the new administrator becomes a party, but only when the original judgment becomes merged in the new one.

It is true that, under a writ of error, the original judgment is not merged in a new one, but is either affirmed or reversed. If affirmed, it stands as before, and if unsatisfied, these same remedies are open to the plaintiff; if reversed, he must resort to such legal remedies as are prescribed for recovering his original claim.

Thus, while under these remedies supplied by the statute the administrator *de bonis non* may be brought into privity with the claim established by the original judgment, yet it is not with the judgment itself, but another in which that is merged after due process of law.

It is a very significant fact as bearing upon this question that, in this enumeration of remedies provided for the administrator *de bonis non*, that of a petition for, or a writ of review is not mentioned. As the statute is in derogation of the common law, and cannot be extended beyond the meaning derived from a fair construction of its terms, this would seem to be conclusive. This appears to be in accordance with the principle established in *Paine* v. *McIntire*, 32 Maine, 131. When that decision was made the statute provided for all the remedies now authorized except that of debt, and it was there held that debt would not lie; although the result must be substantially the same in *scire facias* and debt, yet, as the latter was not specifically mentioned, the remedy must be under the former only. Much less can we, by construction, extend the statute so as to cover review, a remedy so entirely different in its procedure and results from any authorized by its terms.

*Exceptions sustained.*

APPLETON, C. J., VIRGIN, PETERS and LIBBEY, JJ., concurred.