*Crosby* had the same notice ; and it is not sufficient for him, that he is not charged with notice in the bill. Our title does not depend on the existence of notice, but his on the want of it : and to avail himself of that, he must have set it up, by express averment, as a substantive *ground of defence* to the bill. (*f*)

BY THE COURT, unanimously,

The judgment was affirmed.

(*f*) 3 *P. Wms.* 244, in note.

## Whittelsey *v.* Wolcott.

### In the Court below,

CHAUNCEY WHITTELSEY, *Plaintiff* ; ALEXANDER WOL-
COTT, *Defendant.*

THIS was an action of *indebitatus assumpsit* for money had and received.

The declaration stated, that the plaintiff, as collector of the customs for the district of Middletown, received certain bonds specified, which were taken for duties on imports, and which, while unpaid, the plaintiff, when going out of office, delivered to the defendant, who came into the same office ; that these bonds have since been paid to the defendant ; and that one moiety of the commissions on the money so paid was received by the defendant to the plaintiff's use ; and in consideration thereof, the defendant assumed, &c.

The defendant pleaded in bar, that the President of the United States removed the plaintiff from the office of col-

That a special plea a-mounts to the general issue is not a ground of demurrer ; though the court may disallow such plea, and cause the general issue to be entered.

In case of the *removal* of a collector, he is not entitled to a moiety of the commissions received by his successor on the collection of duties bonded by himself while in office.

lector, and appointed the defendant in his place ; and the defendant, by virtue of his office, received the bonds from the plaintiff, collected the money, and took to himself the commissions allowed by law, which receipt of commissions was the same receiving of monies to the plaintiff's use charged in the declaration ; and as to any other undertaking or promise, he never did assume, &c.

To this plea the plaintiff demurred specially, assigning for cause, that it amounted to the general issue.

The Superior Court adjudged the plea sufficient.

*Dana* and *Whittelsey*, for the plaintiff.

1. A special plea amounting to the general issue is bad on demurrer. *Hallett* v. *Birt*, (a) is decisive of this point.

2. On *the merits* of the case, the plaintiff is entitled to recover. He is within the equity of the 4th section of the act of Congress of March 2d, 1799, (b) which provides, " that whenever a collector shall *die* or *resign*, the commis-" sions to which he would have been entitled, on the receipt " of all duties bonded by him, shall be equally divided be-" tween the collector resigning, or the legal representative of " such deceased collector, and his successor in office, whose " duty it shall be to collect the same." An equitable construction extends the provisions of a statute regarding certain things specified, to things not specified which are in the like degree ; and it is to be applied whenever there is the same reasons for the one as for the other. Thus, the statute of 13 *Edw.* 1. which mentions *the bishop of Norwich* only, extends to all other bishops within the realm ; (c) the statute of 1 *Rich.* 2. *c.* 12. which gives an action of debt

(a) 12 *Mod.* 120.
(b) *Stat. U. S. vol.* 4. *p.* 456.
(c) 2 *Inst.* 487 note 2.

against *the warden of the fleet,* extends to other gaolers and officers ; (*d*) the statute of 9 *Edw.* 3. *c.* 3. which gives a remedy against *executors,* extends to administrators ; (*e*) the statute of 7 *Hen.* 8. *c.* 4. allows costs to the avowant, if he prevail, in replevin for any *rent, custom* or *service,* and it was held, that a distress for a penalty was within the equity of the act ; (*f*) and the statute of *Marlebridge* 6. which gives remedy to the lord for his ward against a *feoffee* by collusion, extends to the heir, or feoffee of such feoffee. (*g*) In this case, the same services have been performed, as in case of death, or resignation ; and the same reason exists why the plaintiff should be compensated for such services. No greater trouble or responsibility is thrown upon the successor in one case than in the other. The plaintiff's equity is certainly as strong now, as though he had voluntarily abandoned his office, before he had completed the collection of duties, which he had bonded.

There is some analogy between the right of the plaintiff to these commissions and that of a tenant at will to emblements. But if such tenant determine the estate by his own act, he shall not be entitled to take the emblements ; whereas it is otherwise, if the landlord put him out, before the emblements are gathered. (*h*)

The removal of a collector is of itself no evidence of malversation. The spirit of the constitution of the United States charges the President with the whole responsibility of his subordinate officers ; and it is on that ground, that he is empowered to remove them, for no other reason than because he has not full confidence in them. Besides, if

(*d*) 1 *Plowd.* 36, *Platt* v. *Lock* and *Ayliff,* sheriffs of London.
(*e*) 1 *Plowd.* 36, 178. 2 *Plowd.* 467.
(*f*) *Cro. Car.* 532, *James* v. *Tutney.*
(*g*) 2 *Inst.* 111, 112. note 7.
(*h*) 2 *Bla. Com.* 145, 146.

H h h

1807.

WHITTEL-
SEY
*v.*
WOLCOTT.

there were actual delinquency, the remedy would be on the collector's bond to the United States ; not by depriving him of his commissions.

The commissions are not allowed merely for receiving and paying over the money ; for in several districts it is made the duty of the collectors to deposit the bonds at the bank for collection ; and yet they are allowed the same commissions as though the money had been received by them. (_i_) On the contrary, the principle has been recently established, by the Supreme Court of the United States, in the case of _the United States_ v. _Heth_, (_j_) that the right to commissions accrues at the time of taking the bonds. The act of March 2d, 1799, allowed the collector of Petersburgh a commission of _three per cent._ The act of May 10th, 1800, reduced his commission to _two and an half per cent._ The question was, whether he should be allowed _three per cent._ on duties _bonded_ before the passing of the latter act, but _collected_ afterwards ? The Court were unanimously of opinion, that he was entitled to that commission.

But, admitting that this is altogether _casus omissus_ in the statute, the plaintiff's right to recover may be supported on general principles. Congress have appropriated a certain fund for the remuneration of certain services. This fund is in the hands of the defendant ; and the plaintiff having performed part of the services, is entitled to recover a proportionate part of the fund out of the defendant's hands. Further, if the commissions are only an adequate compensation for the whole services, and half of the commissions are a sufficient compensation for receiving and paying over the money, (and that they are is evident from the 4th section of the act of March 2d, 1799,) then the defendant having performed services which are fully compensated by

(_i_) _Supplementary act of May_ 10, 1800, _sect._ 3. _Stat. U. S. vol._ 5. _p._ 173, 174.

(_j_) 3 _Cranch_ 399.

half the commissions, can, in justice, claim no more, and the residue must be considered as in his hands for the plaintiff's use.    Again, if the 4th section of the act of March 2d, 1799, be inapplicable, the defendant had no authority to collect the bonds in question ; and it was the right and duty of the plaintiff to proceed to the collection of them after his removal, as goods seized under a *fieri facias* may be sold by the sheriff after he is out of office. (*k*)    The defendant, then, in receiving and collecting those bonds acted as the *agent* of the plaintiff ; and of course, can retain only a reasonable compensation for himself.

The action of *indebitatus assumpsit* for money had and received to the plaintiff's use, is the proper remedy.    The great principle of that action is, that the defendant, having received a sum of money, to which the plaintiff has no equitable title, and which the defendant cannot, consistently with natural justice, retain, the law implies a promise from him to pay the same to the plaintiff.    The claim on the one hand, and the defence on the other, are governed by the true equity and conscience of the case.    It is a liberal action, very beneficial, and much encouraged. (*l*)

*Daggett* for the defendant in error.

1. It is said, this plea amounts to the general issue, and is therefore bad, on special demurrer.    This plea puts to the court a question of *law*.    It is altogether proper and legal, thus to separate questions of law and fact, and put them to their appropriate tribunals. (*m*)

Further, if the plea amounts to the general issue, the

(*k*) *Cro. Jac.* 73, *Ayre* v. *Aden.*
(*l*) 2 *Burr.* 1012, *Moses* v. *Macferlan.    Doug.* 138, *Longchamp* v. *Kenny.    4 Burr.* 2134, *Dale* v. *Sollet.*
(*m*) 5 *Bac. Abr.* 370, *Guil. edit.*

plaintiff shall not demurr, but apply to the discretion of the court, to compel the defendant to give the general issue. (*n*)

2. The law of the United States (*o*) directs, that the commissions be paid to the collector. The defendant was the lawful collector of the port of Middletown, and as such received the money in question. How, then, is the plaintiff entitled to any part of of these commissions ? If it be said, and it has been so said, for services rendered in taking the bonds, &c. I reply, first, that for those services he was paid. The law allows him (*p*) 40 cents for every bond, &c. Secondly, if the plaintiff be entitled to recover for services rendered, he must recover of the United States, or at any rate, not of the defendant. The plaintiff rendered no services for the defendant. But thirdly, if he is to recover for services rendered, his action is entirely misconceived. This is an action of *indebitatus assumpsit* for money had and received ; but upon the principle urged, it should have been *assumpsit* for services performed upon a *quantum meruit*. Fourthly, it is, however, urged, that the plaintiff is in the same equity as to these comissions as a collector who has resigned, or as the representatives of one deceased, and the laws of the United States (*q*) in those cases, *divides* the commissions. I answer, this statute is a complete bar to the plaintiff's recovery. If Congress had designed to place collectors, who had been removed, in the same equity as to the commissions, as those who had resigned, &c. why was it not thus enacted ? It was well understood, when this law was passed, that collectors might be removed, and several had been removed. Indeed, as early as the first session of Congress in 1789, Congress sanctioned the idea, that the President might re-

(*n*) 1 *Leon.* 178, *Ward and Blunt's case- Hob.* 127. *Com. Dig.* tit. *Pleader,* (E. 14.) *Co. Litt.* 303 *b.*

(*o*) *Vol.* 3. *p*, 392.

(*p*) *L. U. S. vol.* 1. *p.* 226-7.

(*q*) *Vol.* 4. *p.* 456.

move all such officers. ( *r* ) The maxim " *Expressio unius est exclusio alterius*," applies with force. The law, for good reasons, did not intend to reward a *removed* collector. He might have merited removal ; in such case, no one will say, that he should receive any part of the commissions. Indeed, this court is not at liberty to say, that the removal was improper. The power is vested exclusively with the President. His reasons are not to be examined, nor his motives questioned. Had the parties, by pleadings, formed an issue in fact on the fitness of the removal of the plaintiff, the court would have interfered, and stopped the inquiry, as altogether improper.

Upon this view of the case, it is apparent, that the judgment below is not erroneous.

BY THE COURT, MILLER, *Asst.* dissenting,

The judgment was affirmed.

(*r*) *Marshall's Life of Washington, vol.* 5. *p.* 200.

## Sanford *v*. Dodd.

In the Court below,

JOHN DODD, *Plaintiff* ; BENJAMIN SANFORD, *Defendant.*

THIS was an action of *indebitatus assumpsit* for money had and received to the plaintiff's use.

The declaration stated, that the defendant, having bought of one *John Brown* the proportion of land granted, or to be granted to him, pursuant to a resolution of Congress, and an act of the legislature of New-York, making provision for officers and soldiers, who served in the army of the Uni-

*Margin notes:*

1807.

WHITTELSEY *v.* WOLCOTT.

Where a party has not received the thing contracted for, but a different thing which is of no value, he may recover the consideration paid, in an action of *indebitatus assumpsit* for money had and received.