Tilghman C. J.
This is an action brought by James Irxvin an(^ J°^n Foss, administrators, &c. of the goods and chattels of James Irwin, deceased, unadministered by his executor George Irwin, deceased, against David Allen, Mary Irwin, ancj George Sanderson, administrators of the said George Irwin, for the recovery of part of the estate of James Irwin, ■which remained in the hands of the said George Irwin at the time of his death. Two questions have been argued; 1st, Whether an action by the administrators de bonis non lies against the administrator of the executor? 2d. Whether, supposing it to lie, it can be supported in its present form ?
On the first point I do not mean to give an opinion ; but I consider it so doubtful that it is desirable the law should be made clear by an act of assembly. There is no privity between the executor and the administrator de bonis non. So totally unconnected are they, that at common law the administrator de bonis non could not have a sci.fa. on a judgment obtained by the executor. But this is now remedied in case of a judgment after verdict, by the statute 17 Cha. II. ch. 8. Neither, at common law, would an action by a creditor of the testator lie against the administrator of the executor. This also is remedied by stat. 30 Cha. II. ch. 7. by which the administrator of the executor is made liable and chargeable, in the same manner as his testator would have been, if living. The words of this last statute only include executors or administrators of executors in their own wrong, but have been construed to extend to the executors or administrators of rightful executors; (3 Mod. 113. Holcomb v. Pettit) and, to take away all doubt on this point, the executors or administrators of rightful executors are expréssly chargeable by stat. 4 and 5 William and Mary, ch. 24. I think it well enough settled, that the administrators de bonis non could not support the present action by any principle óf the common law. He is entitled only to such goods or chattels' of the testator as remained in specie in the hands of the executor at the time of his death, or to such money as belonged to the testator’s estate, and had been kept by the executor, separate and unmixed with his own. In all other cases the property was consider *555 ed as vested in the executor, and could not be recovered in any form of action by the administrator de bonis non. That such is the law, will appear by the opinion of Chief Justice Holt, in the case of Wankford v. Wankford, Salk. 306. And that it was so taken by Chief Justice Parsons may be inferred from his opinion in Grant v. Chamberlin. 4 Mass. Rep. 611. In Pennsylvania, however, where the executor is held to be a trustee for the next -of kin, for such part of the personal estate as is not given away by the testator, there are strong reasons for supporting an action' at law, provided, chancery would support a bill filed by the administrator de bonis non in cases where the executor is a trustee for the next of kin. We directed the attention of the counsel to this point, but their researches have produced no instance of a bill in equity being sustained in such case. I have no doubt but an action will lie, in our courts, by a creditor or legatee of the testator, or by the next of kin, for the undisposed surplus of the personal estate. There does not seem, therefore, to be any necessity for the present action. But it is certain, that it would be much more convenient for the administrator de bonis non to receive the balance due from the executor, and then proceed to the settlement of the estate, than for each creditor and legatee to bring a separate action against the administrator of the executor. How far this court is authorised to support a new action for the sake of convenience, without absolute necessity, is a point which will demand very serious reflection, before it is decided. At present the decision is not called for, because I am clear, that the action cannot be sustained in its present form. In the first place, there is no declaration filed, but only a statement under the act of 21st March, 1806, containing the substance of the plaintiff’s demand.,, The act directs a statement to be filed in suits “ for the re- “ covery of any debt founded on a verbal promise, book ac- “ count, note, bond, penal or single bill.” But the plaintiff’s demand does not come within this description. Indeed it is not a debt which is demanded, but a sum of money which was in the hands of the defendant’s intestate, on a trust which was not performed. These statements are less certain than a declaration, and therefore not to be encouraged by an equitable construction of the act of assembly. As far as the legislature has thought proper to authorise them, the court is *556 bouiid to support them. But it would be wrong- to extend the law to cases not within its plain intent. It may be said, however, that, as the defendants chose to accept the plaintiff’s statement in lieu of a declaration, and proceeded to issue upon it, the judgment ought not now to be reversed for want of a declaration. Supposing then the statement to stand for a declaration, let us see what it contains. The plaintiffs demand of the defendants the sum of 3000 dollars, “ as well for divers sums of money by the said George Irwin, “ in his lifetime, had and received for the use of the said “ James Irwin, (his testator) in his lifetime, as also for “ divers sums of money, by him the said James in his life- “ time, for him the said George in his lifetime, at his special “ instance and request, paid, laid out, and expended, as also “ for divers sums of money, by the said James in his life- “ time, to him the said George in his lifetime, at his like “ special instance and request, lent and advanced, and also “for divers sums of money, had and received, by the said u George in his lifetime, to andfor the use of the said James M Irwin and John Ross (the plaintiffs) as administrators of “ the said James Irwin deceased, and also for divers other “ sums of money, had and received, by the said George in “ his lifetime, to and for the use of the estate of the said u James Irwin, deceased.” Here is a strange mixture of demands, upon the whole of which the plaintiff obtained a verdict and judgment for 2309 dollars 97 cents, and costs; so that it is impossible to say, on what part of the demand the verdict was founded. Now, although I am willing to make all due allowance for want of form, yet this statement contains same things too improper to be got over. How is it possible, that the executors of James Irwin should receive money for the use of the plaintiffs (the administrators de bonis non) when, at the time of the receipt of the money, it was unknown, that letters of administration, de bonis non, would ever be granted? The money was assets of the testator in the hands of the executor, subject to the payment of debts and legacies, and there was, besides, a trust, that if there should be any surplus undisposed of by the will, it should be paid to the next of kin. If all these payments were not made, the executor was guilty of a devastavit, for which an action would lie. But to suppose an assumption by George Irwin to the plaintiffs, is a confusion of all legal *557 principles. There was no contract, express or implied, betweén them, and therefore no action on a supposed promise can be supported. It may be of great importance to the defendants that the plaintiffs should not be permitted to recover on this extraordinary statement. Suppose a creditor of the testator should hereafter bring an action against the defendants, founded on the devastavit of George Irwin. I know not how they would defend themselves, because I know not how it could be ascertained on what the verdict in this case was founded. At all events, their case would be attended with verygreat difficulties, to which I do not think myself at liberty to expose them, by straining the law in favour of a demand brought before the court in so loose a manner as to form a precedent of dangerous example. I am therefore of opinion that the judgment should be reversed.
Ye ates J. dissented.
Brackenridge J. agreed with the Chief Justice.
judgment reversed.