Oakley J.
This case comes before us on a bill of exceptions, taken by the defendants. The action is on a covenant, by which the plaintiffs stipulated, to build the Masonic Hall, in the city, and to finish it according to certain specifications, annexed to the contract and to the plans to be furnished by an agent of the defendants. Certain portions of the work were to be completed by *171 the first day of May, after the date of the contract; and the whole by the 30th of June, “ under a penalty of $30, to be paid by “ plaintiffs as liquidated damages, for every day, that the same should remain unfinished, after these periods respectively. By the contract a wooden stairway was to be put up in the building, and the defendants afterwards, and when the plaintiffs were about to commence the building of the stairs, directed an iron stairway to be substituted, which was not finished until after the first day of July. It also appeared that, the main door of the building was not completed, by the time specified in the contract; but when the plaintiffs were about to employ additional workmen to finish it within the prescribed period, the defendants requested, that it might be done by two men only, with whose work they were pleased; and that it was accordingly done by them.
Upon this evidence, it is objected, that the plaintiffs have not shown a performance of the covenant on their part. It is well settled, that where the action is on the covenant itself, the plaintiff must show a strict performance, of the stipulations on his part, and within the time limited by his contract; and that evidence of a parol agreement, to extend the time, cannot be given to excuse the want of such performance. [Phillips v. Rose, 8 J. R. 392. Little v. Holland, 3 J. R. 590.] It appears to me, however, that the defendants, in the present case, have mistaken the true construction of the covenant. The building in question was not to be finished absolutely within any stipulated period. If not completed by the 30th of June, certain stipulated damages, were to be paid by the plaintiffs for the delay : but the evident intent of the parties was, that the work should nevertheless be completed, under the contract. It was not necessary therefore for the plaintiffs to have averred, or proved that the house was completed by the 30th day of June. A general averment of performance on their part was sufficient; and the proof in the case supports such an averment.
If, however, the true construction of the covenant were otherwise, I should still be of the opinion, that the plaintiffs have shown performance on their part. They were proceeding to complete both the stair-way, and the door within the time limited, when *172 they were prevented from doing so by the interference of the defendants; who directed a different course of the work. This was in fact a tender of performance on the part of the plaintiffs, and a refusal by the defendants, and these are held to be equivalent to an actual performance. And it is also held, as a sound principle, that he “ who prevents a thing from being done, shall not avail “ himself of the non-performance which he has occasioned.” These principles are recognized and established, in Fleming v. Gilbert, (3 J. R. 631.) and are entirely applicable to the present case.

Motion for a new trial denied.

[F. A. Tallmage atty. for the plffs. Wm. S. Johnson, atty for defts.]