## Alsop *against* Mather and another :

### IN ERROR.

The liability of an administrator *de bonis non*, is restricted to estate not administered ; and there is no privity between him and his predecessors, nor is he responsible for any *devastavit* or default of theirs.

Therefore, where a decree of a court of chancery for a sum of money, was obtained against executors, it was held, that such decree could not be made the foundation of a suit against an administrator *de bonis non cum testamento annexo.*

Where the executor of a deceased partner continues his share in trade, and carries on the business with the surviving partners, such executor becomes a co-partner, and is liable personally, and not in his representative character, for the debts of the company.

The effects of a deceased partner cannot be pursued, in law or equity, while the surviving partner is solvent.

THIS was an action of debt on a bond, given to the plaintiff, as judge of probate for the district of *Middletown*, by the de-

fendant *Thomas Mather*, as administrator *de bonis non cum testamento annexo* of *Benjamin Williams*; the defendant, *Samuel Mather*, being the surety.

The defendant prayed oyer of the bond and condition and recited them, and then pleaded performance. The plaintiff replied, setting forth sundry matters as breaches. The defendants demurred to the replication : and the plaintiff joined in the demurrer.

The replication stated the following facts. In *June*, 1812, *Benjamin Williams* died, leaving a large estate, which, by his will, he gave to his wife and children. He appointed his wife, *Martha Williams, Josiah Williams, Ebenezer Sage* and *Samuel Wetmore* his executors ; who accepted the trust, proved the will, paid the debts and legacies, and distributed the *residuum* according to the will and the orders of the court of probate, and, on the 19th of *August* 1815, rendered their account. After the death of *Benjamin Williams*, his daughter *Sarah* intermarried with the defendant *Thomas Mather*, who took, through her, a large real and personal estate, devised and distributed to her under the will. After the distribution and settlement of the estate of *Benjamin Williams*, *Josiah Williams* and *Stephen Holmes* brought their bill in chancery to the superior court, in *July* 1817, setting forth, That *Benjamin Williams, Josiah Williams, Phineas Johnson, Lemuel Hubbard* and *Samuel Kelsey*, were owners of a cotton manufactory in *Berlin*; that in 1811, the owners appointed them, (the plaintiffs in the bill,) agents of the manufactory ; that they acted as such until *December*, 1816, rendering their accounts annually ; that at the bringing of the bill, the persons interested in the manufactory were said *Johnson, Hubbard, Hezekiah Brooks*, said executors and *Lyman Wilcox*, administrator of the estate of *Kelsey* ; claiming a balance of 3000 dollars, as agents, and praying for relief. In *December* 1818, the superior court found due to the plaintiffs in that suit the sum of 554 dollars, 44 cents, and decreed, that the defendants should pay to them four fifths of that sum ; and that execution issue therefor. The estate of *Kelsey* was entirely insolvent ; and the remaining defendants in that suit paid their proportion of the sum decreed to the plaintiffs and of the sum due from *Kelsey's* estate, leaving a balance due from the executors of *Benjamin Williams* amounting, with interest, to 500 dollars. No funds came to the hands of those executors to pay the sum decreed

*Middlesex,* against them. In *March* 1822, the claim was assigned to
July, 1831. *Stephen C. Williams,* whereof said executors had notice, and

Alsop
*v.*
Mather

were requested to pay it. In *February,* 1829, the executors
were removed from office, by the plaintiff, as judge of probate,
and the defendant *Thomas Mather,* was appointed administrator *de bonis non, cum testamento annexo,* of *Benjamin Williams.* On the 11th of *June,* 1829, the claim was presented
to him, and notice given of the assignment, and payment requested ; which was refused.

The superior court adjudged the replication insufficient.
On motion of the plaintiff, the record was transmitted to this
Court for revision.

*Barnes,* for the plaintiff.

*Stanley* and *Storrs,* for the defendants.

PETERS, J. 1. An administrator is an agent, who is created, and whose powers and duties are prescribed, by law. The
extent of his liability is defined, by the condition of his bond.
This, in relation to an administrator *de bonis non,* is prospective and restricted to estate not administered. No part of
the condition of his bond creates or recognizes any privity between him and his predecessors ; nor makes him responsible for any *devastavit* or default of another, either of
omission or commission ; and by the common law, there
is no privity between an administrator *de bonis non* and a
preceding executor or administrator. In *Allen* & al. v. *Irwin* & al. 1 *Serg. & Rawle* 549. 554. *Tilghman,* Ch. J., in
delivering the opinion of the court, said : " There is no privity between the executor and the administrator *de bonis non.*
So totally unconnected are they, that at common law the administrator *de bonis non* could not have a *scire facias* on a
judgment obtained by the executor." The same point was
decided in *Grout* v. *Chamberlin,* 4 *Mass. Rep.* 611. 613.
" There is," said Ch. J. *Parsons,* " in law, no privity between
an executor and an administrator *de bonis non, cum testamento
annexo ;* and a judgment recovered by the executor, cannot
be executed, by the succeeding administrator." The law is
the same where an administrator recovers judgment and dies :
the succeeding administrator cannot execute the judgment,
but may bring a new action. *Toller* 448. 1 *Stark. Ev.* 192.

And the law is the same between an executor or an administrator and the heir or devisee. *Mason's* devisees v. *Peters'* admrs. 1 *Munf.* 437. If an administrator *de bonis non* cannot enforce a judgment recovered by his predecessor, *a fortiori* a judgment recovered against his predecessor, cannot be enforced against him. They are both inoperative and ineffectual, and open to investigation.

*Middlesex, July, 1831.*

*Alsop. v. Mather.*

2. The defendants claim, that this judgment is not a valid demand against the executors, and, of course, not against the administrators *de bonis non*, because it accrued on transactions of the executors after the death of the testator ; and it is a well settled rule, that where the executor of a deceased partner continues his share in trade and carries on the business with the surviving partners, the executor becomes a co-partner and *personally* liable for the debts of the company. *Wightman* v. *Townroe*, 1 *Mau. & Selw.* 411. And the same point was decided, by this Court, in *Nash* & al. v. *Tinker* & al., at *Tolland*, in 1825. If this was a debt against the executors personally, they could not be liable in their representative character ; and the administrator *de bonis non* would not be liable for their private debts. This defence is open to the defendants.

3. The proprietors of the *Berlin* manufactory were, at all times, co-partners. At the time *Williams* and *Holmes* commenced their suit in chancery against them, *Benjamin Williams* and *Samuel Kelsey* were dead. Nevertheless, the plaintiffs in that suit prosecuted it, not only against the living, but against the representatives of the dead. But there is no case in *England* or in this country, in law or in equity, of pursuing the effects of a deceased partner, while the surviving partner is solvent. *Pendleton* v. *Phelps*, 4 *Day* 481. per *Livingston*, J. The same point was decided, by this Court, in *Sturges* v. *Beach*, 1 *Conn. Rep.* 507. 509. "There can be no occasion," said Ch. J. *Swift*, " to resort to the estate of deceased partners, unless the surviving partner is insolvent ;" and there is no intimation in the record, that any of the surviving owners of the *Berlin Cotton Manufactory* were solvent.

For these reasons, I am of opinion, that there is no error in the judgment complained of.

The other Judges were of the same opinion.

Judgment affirmed.