*Hartford,*
*June, 1834.*

Pease
*v.*
Phelps.

PEASE *against* PHELPS, administrator *de bonis non* of the estate of *Samuel Stebbins,* deceased.

*A* having taken *B* into his family, gave his promissory note to *B* for 1000 dollars, dated *January* 7th, 1818, payable when *B* should arrive at the age of twenty-one years; to which note was annexed a condition, that *B* should continue with *A* until he (*B*) should arrive at the age of twenty-one years, and should not leave him (*A*) or his wife *C,* without their consent. *A* died in *January,* 1821, having appointed *C* his executrix. The court of probate limited six months from the 6th of *February,* 1821, for the exhibition of claims against the estate of *A. B* continued with *A* until his death, and afterwards with *C* until *March,* 1821, when she gave him leave to depart, and he thereupon left her. Soon afterwards, and within the time limited for the exhibition of claims, but before *B* became twenty-one years of age, he exhibited said note to *C* as executrix, and demanded payment. In an action on such note, brought by *B* against *D,* administrator *de bonis non* of the same estate, it was held, 1. that this claim accrued and became absolute when *C* dispensed with the further performance of the condition, and consequently, that the exhibition so made was sufficient, without any subsequent presentation after *B* became twenty-one years of age; 2. that if otherwise, still the claim having been once exhibited, and its true character and amount made known to the executrix, so that it might have been paid out of the general assets, it was not necessary to exhibit it again after the time of payment arrived; 3. that the admissions of *C* were inadmissible against the defendant, there being no privity between him and the executrix.

Though a demurrer admits facts well pleaded, with a view to a determination of their legal sufficiency; yet it is strictly confined to this office, and cannot be used as an instrument of evidence on an issue in fact.

THIS was an action on a promissory note, made by *Samuel Stebbins,* deceased, in these words: "*Simsbury, January* 7th, 1818. I promise to pay *John Wood Pease,* when he shall arrive at the age of twenty-one years, the sum of one thousand dollars; value received. *Samuel Stebbins.*" On the back of the note there was a writing in these words: "The conditions of the within note are as follows: First, provided the within named *John Wood Pease* shall continue with the within named *Samuel Stebbins* until he arrive at the age of twenty-one years, and shall not leave him, or his wife *Ursula,* without their consent, then the within note to remain in full force: Secondly, provided the said *John Wood Pease* shall die before he arrives to the age of twenty-one years, he shall receive in exact proportion of the within note according to the time he lives with the within named *Samuel Stebbins,* or his

wife *Ursula :* Thirdly, provided the within named *Samuel Stebbins* and his wife *Ursula* shall decease before the within named *John Wood Pease* shall arrive at the age of twenty-one years, he shall be liberated from all obligations to them, and the within note to remain in full force.

Hartford, June, 1834.

Pease
*v.*
Phelps.

*Samuel Stebbins."*

The defendant pleaded in bar, That *Samuel Stebbins* died in *January*, 1821, leaving his last will and testament, whereby he appointed his wife, *Ursula Stebbins*, and *Samuel S. Stebbins*, executors thereof, who accepted the trust and proved the will ; that the court of probate limited and allowed six months from the 6th of *February*, 1821, to the creditors of the estate of the deceased to exhibit their claims ; that the executors gave due notice of this order ; that the executors paid the debts against the estate and the legacies given by the will, and on the 8th of *June*, 1825, settled their administration account with the court of probate ; that the plaintiff became twenty-one years of age on the 5th of *December*, 1827 ; that the persons named as executors in the will, continued to be executors until more than one year had elapsed from this time, *viz.* until the 10th of *March*, 1831, when said *Ursula Stebbins* died ; that on the 15th of *October*, 1832, said *Samuel S. Stebbins* was removed, by the court of probate, from his trust ; that the plaintiff was living with said *Samuel Stebbins*, deceased, at the time of his death, and continued to live with said *Ursula* for a long time thereafter, and the plaintiff's right and claim accrued after the death of said *Samuel Stebbins, viz.* on the 5th of *December*, 1827, and was not exhibited to said executors, or either of them, by the plaintiff, within twelve months after the right of action accrued, and is the same for which this suit is brought.

The plaintiff replied, that he continued in the service of said *Samuel Stebbins* until his death, and afterwards in the service of said *Ursula*, according to the condition of the note, until some time in the month of *March*, 1831, when said *Ursula* gave to the plaintiff leave to depart from her service, and no longer to continue in her employment ; that the plaintiff did then depart therefrom, and has ever since continued absent therefrom, with the consent of said *Ursula ;* that on the day of *March*, 1821, and before the expiration of the time limited for the exhibition of claims against said estate, and

*Hartford,*
*June, 1834.*

Pease
*v.*
Phelps.

after the plaintiff was so discharged from the service of said *Ursula,* the plaintiff caused said note to be exhibited to said *Ursula,* and the same then was exhibited to and demanded of said *Ursula* as executrix ; and that the existence of said note has, at all times since, been known by her and by said other executor.

The defendant, in his rejoinder, averred, that said claim was not exhibited to said executors, or either of them, by the plaintiff, within twelve months after the plaintiff arrived to the age of twenty-one years ; and demurred to the residue of the replication. The plaintiff joined issue ; and thus the pleadings terminated.

The cause was tried, on the issue in fact, at *Hartford, September* term, 1833, before *Church,* J.

The plaintiff claimed, that the note in question was duly presented to Mrs. *Stebbins* within the period of twelve months after the plaintiff came of full age ; and for this purpose, offered *Amariah Kibbe* and others, to prove, that Mrs. *Stebbins,* while she was executrix, admitted and acknowledged the fact to him. This testimony being objected to, by the defendant, was rejected, by the court. The plaintiff likewise claimed, and requested the court to instruct the jury, that upon the facts conceded on the pleadings, by the demurrer, they should find, that the note was duly presented within one year after the plaintiff came of age, and should, therefore, return a verdict for the plaintiff. The court did not so instruct the jury ; and the defendant obtained a verdict. The plaintiff thereupon moved for a new trial ; and the case was reserved for the opinion of the supreme court of errors upon the facts stated on the record and on the matters embraced by the motion.

*Hungerford* and *W. W. Ellsworth,* for the plaintiff, contended, 1. That the note, at the time of the trial, was to be regarded as an absolute note, the conditions having all been spent and become inoperative. The first condition is inoperative, because consent was given ; the second, because the plaintiff did not die in the service of Mr. *Stebbins* or his wife, but was dismissed from it ; and the third, because he was not discharged by reason of their death.

2. That if a presentation of the note was necessary, after it became payable, it was sufficiently presented ; for it had been

presented to the executrix ; and once presented, always pre- *Hartford,*
sented.   No particular *form* of presentation is necessary.   The   *June, 1834.*
existence of the note as a legal claim, it having been once    Pease
presented, is enough.                                          *v.*
                                                              Phelps.

3. That the evidence introduced by the plaintiff, was admis-
sible.   Here was the admission of the very person to whom
the claim was to be exhibited, and while that person was acting
in the performance of her official duty.

4. That if the acknowledgment of Mrs. *Stebbins* was not
evidence, the fact which it was adduced to prove, was admit-
ted, by the demurrer ; and no further evidence was necessary.

*Sherman* and *Toucey*, for the defendant, contended, That
the right or claim in question accrued *after* the death of Mr.
*Stebbins*.   At his death, no right or claim existed, nor was
any thing due.   The case was like that of a covenant of war-
ranty before eviction ; ( *Griswold* v. *Bigelow*, 6 *Conn. Rep.*
258.) or of a claim against the estate of a deceased partner, be-
fore the insolvency of the surviving partner.   *Pendleton* v.
*Phelps*, 4 *Day* 476.   To entitle the plaintiff to the sum
mentioned in the note, he must, in the first place, have lived
until he arrived at the age of twenty-one ; and secondly, he
must have continued in the service of Mrs. *Stebbins* until he
was twenty-one, or been ready and willing to do so.   The
right of action accrued when he arrived at twenty-one, on the
5th of *December*, 1827.

2. That presentment within twelve months after the right
of action accrued, was indispensably necessary, by the statute.
*Stat.* 203, 4. *tit.* 32. *c.* 1. *s.* 17.

3. That the verdict finds, that there never had been any
presentment of the right of action on which this suit is founded.
Non-presentment within twelve months, is pleaded in bar.
The allegation is directly denied, by the plaintiff ; issue is
taken upon it ; and the jury have found, that there was no
such presentment.   Upon the verdict, therefore, the defendant
is entitled to judgment.

4. That the evidence offered by the plaintiff, was inadmissi-
ble.   The admissions of the executor are not evidence against
the administrator *de bonis non*.   Mrs. *Stebbins* is not a party
to this suit.   But the admissions of an executor, even when he
is a party, will not revive a debt barred by the statute of limita-

tions.  *Peck* v. *Botsford* & al. 7 *Conn. Rep.* 172.  There is *no privity* between an administrator *de bonis non* and his predecessors.  *Alsop* v. *Mather* & al. 8 *Conn. Rep.* 584.  A judgment against a surviving partner, is not evidence against the estate of a deceased partner.  *Sturges* v. *Beach*, 1 *Conn. Rep.* 507.  The admissions, in this case, were not part of the *res gesta.*

5. That the demurrer is not evidence on the trial of the issue to the jury.  It never was intended as an instrument of evidence.  When it admits facts, it admits them for the sole purpose of presenting their sufficiency for determination.

CHURCH, J.  The question raised by the demurrer to a part of the plaintiff's replication, and reserved for the advice of this court, is, whether the exhibition of the note in question to *Ursula Stebbins*, one of the executors of *Samuel Stebbins* deceased, within the time allowed by the court of probate for the exhibition of claims against his estate, was sufficient; or was it necessary that such claim should have been again presented after the plaintiff attained to the age of twenty-one years?

I think that no other exhibition of the note, than that set forth in that part of the replication which has been demurred to, was necessary.

Three conditions were attached to the note, none of which need be considered, except the first; because no fact transpired giving effect to the others.

The claim of the plaintiff arising upon this note, before the death of the testator, and until Mrs. *Stebbins* gave him leave to depart from her service, while he was still a minor, was conditional; but as soon as she for whose sole benefit the condition then existed, dispensed with its performance, the note became absolute, though payable at a future time.  *Whitney* v. *Brooklyn*, 5 *Conn. Rep.* 406.  *Champion* v. *Hartshorn*, 9 *Conn. Rep.* 564.  *Farnham* v. *Ross*, 2 *Hall* 167.

By the 17th section of the act for the settlement of estates, it is enacted, that " the courts of probate shall have power to direct executors and administrators to give public notice to the creditors of the deceased, to bring in their claims against his estate within such time as the court shall limit and appoint, not exceeding eighteen nor less than six months."  *Stat.* 203. *tit.* 32. *c.* 1. *s.* 17.  The claim in question, at the death of Mr.

*Stebbins*, was a claim against his estate, though conditional; and it was not only the privilege but the duty of the plaintiff to present it to the executor within the time limited by the court of probate. *Painter* v. *Smith*, 2 *Root* 142. *Randall* v. *York*, *Kirby* 314.

This claim is unlike another class of claims, the exhibition of which is regulated by the last proviso of the same section of the act referred to, which declares, that "when a right or claim *shall accrue after* the death of the deceased, it shall be exhibited within twelve months after such right of action shall accrue, and shall be paid out of the estate remaining after the payment of the debts exhibited in the time limited," &c. *P.* 204. It is very obvious, that the primary object of this proviso was, to regulate the exhibition of claims which should accrue *after* the expiration of the time limited by the courts of probate, and which could not be supposed to be known to the executor or administrator until after the assets had passed out of their hands. Such are claims arising from breaches of covenants of warranty; claims arising against the estate of a deceased copartner, by reason of the insolvency of a survivor; &c. which, in many cases, do not exist until it is too late to provide for their payment in the ordinary course of administration. But the claim in question had accrued, and had become absolute, before the time limited by the court for the exhibition of claims. Before the enactment of this last proviso, in 1821, the presentation of claims of the nature therein described, might have been made at any time, and prosecuted at any time after an estate was supposed to be settled; and this was an evil intended to be remedied by this proviso. *Backus* v. *Cleaveland*, *Kirby* 36. *Pendleton* v. *Phelps*, 4 *Day* 476. *Griswold* v. *Bigelow*, 6 *Conn. Rep.* 258. The evil was, that the presentation of claims was delayed too long, and not that it might be made too soon. If, therefore, this claim was of the kind supposed by the defendant, and did not accrue until after the death of the testator, it by no means follows, that having been once exhibited and its true character and amount made known to the executor, so that it might have been paid out of the general assets, that it was necessary again to exhibit it, after the plaintiff arrived at full age, and the time of payment arrived : on the contrary, the law does not require this. The replication of the plaintiff must, therefore, be declared

sufficient, and judgment, according to the stipulation of the par-
ties, be entered for the plaintiff to recover the amount of the
note in controversy.

From the foregoing view of the case, it results, that the
issue in fact closed to and tried by the jury, upon another part
of the replication, was an immaterial issue ; and that the opin-
ions expressed by the judge on the trial, to which exception
was taken, as appears on the motion for a new trial, need not
here be determined ; but as they have been discussed and con-
sidered, it may not be improper to express an opinion thereon.

The question submitted by the pleadings to the jury, was,
whether the note in suit had been exhibited by the plaintiff to
*Ursula Stebbins,* one of the executors, within twelve months
after the plaintiff arrived at the age of twenty-one years ; and
to show that it had been so exhibited, the plaintiff offered wit-
nesses, to prove, that the said *Ursula,* while executrix, had ac-
knowledged that fact. This testimony was rejected, by the
judge ; and in my opinion, it was properly rejected. The
present action is prosecuted against this defendant as adminis-
trator *de bonis non* of *Samuel Stebbins,* the said *Ursula*
having died, and her co-executor removed from office. There
is no privity between this administrator and those executors.
Executors are agents or trustees only, whose duty it is to ad-
minister according to the will of the testator and according to
law, and not to subject the estate by their admissions. *Bacon*
v. *Fairman,* 6 *Conn. Rep.* 121. *Peck* v. *Botsford,* 7 *Conn.*
*Rep.* 173. *Alsop* v. *Mather,* 8 *Conn. Rep.* 584. *Allen* v.
*Irwin,* 1 *Serg. & Rawle* 549. *Grant* v. *Chamberlain,* 4
*Mass. Rep.* 611. *Toller* 448. *Mason's* devisees v. *Peter's*
admrs. 1 *Munf.* 437.

But it was further claimed, by the plaintiff, that upon the
facts conceded on the pleadings, by the demurrer, the court
should have instructed the jury to find, that the note in ques-
tion was duly presented within twelve months, as averred in
the replication. This claim of the plaintiff cannot be support-
ed. A demurrer presents only an issue in law to the court for
consideration : the jury have no concern with it : and although
it is a rule of pleading, that a demurrer admits facts well plead-
ed, for the sole purpose of determining their legal sufficiency ;
yet as a rule of evidence, it was never supposed, that a demur-

rer admitted any thing. *Tompkins* v. *Ashby*, 1 *Moody &* *Malkin* 32. (22 *Serg. & Lowb.* 239.)

The other Judges were of the same opinion, except BISSELL, J., who was not present when the case was argued, and therefore, gave no opinion.

New trial to be granted.